IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00807-BNB

REGINALD HOLMES,

    Plaintiff,

v.

JAMES WITCHELL, and
INDEPENDENT RECORD & VIDEO,

    Defendants.

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

    Plaintiff, Reginald Holmes, has filed *pro se* a Title VII Complaint. The court must construe the Title VII Complaint liberally because Mr. Holmes is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Holmes will be ordered to file an amended complaint if he wishes to pursue his claims in this action.

    The court has reviewed the Title VII Complaint and finds that it is deficient because the Title VII Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The

requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Holmes fails to provide a short and plain statement of the grounds for the court's jurisdiction. In other words, Mr. Holmes fails to identify the statutory authority that allows the court to consider the claims he is asserting in this action against Defendants.

> Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).

The preprinted portion of the Title VII Complaint form states that jurisdiction is asserted pursuant to Title VII of the Civil Rights Act of 1964. The court certainly has jurisdiction over claims asserted pursuant to Title VII. However, it does not appear that Mr. Holmes actually is asserting any claims pursuant to Title VII because he does not

allege that he suffered employment discrimination on the basis of his race, color, religion, sex, or national origin.  *See* 42 U.S.C. § 2000e-2(a)(1).  Instead, Mr. Holmes alleges that he suffered harassment and racial discrimination while shopping and that he was pushed by an employee.

Mr. Holmes also fails to provide a short and plain statement of his claims showing that he is entitled to relief.  His allegation that he was pushed by an employee and treated differently than another customer is not sufficient to state a cognizable claim for relief.  Finally, Mr. Holmes fails to specify the relief he is seeking in this action.

For these reasons, Mr. Holmes will be ordered to file an amended complaint if he wishes to pursue his claims in this action.  In order to state a claim in federal court, Mr. Holmes "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d 1158, 1163 (10th Cir. 2007).  In addition, the general rule that *pro se* pleadings must be construed liberally has limits, and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  Accordingly, it is

ORDERED that Mr. Holmes file, **within thirty (30) days from the date of this order**, an amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order.  It is

FURTHER ORDERED that Mr. Holmes shall obtain the appropriate court-approved Complaint form, along with the applicable instructions, at www.cod.uscourts.gov.  It is

3

FURTHER ORDERED that, if Mr. Holmes fails within the time allowed to file an amended complaint that complies with this order, the action will be dismissed without further notice.

DATED April 3, 2013, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge